Woodbury, J.
(orally).
This case comes into this court on error, and various errors are assigned; but the only question we propose to discuss is whether the court of common pleas erred in overruling the demurrer to the petition.
The facts stated in the petition are substantially as follows:
Lucy A. Brewer brought suit under section 4357 of the statutes of Ohio, against one August F. Kraft, for selling liquor to her husband, a person in the habit of becoming intoxicated, and she recovered judgment against him.
At the time the liquor was sold to Brewer, Kraft was the tenant of Charlotte LaRoche, and the property had been rented to him for the purpose of selling intoxicating liquor therein. Kraft was, and is, insolvent.
A few days after the aforesaid judgment was obtained, but before any proceedings were taken against the property in which the liquor was sold, Mrs. LaRoche deeded said prop *509 erty to her son Louis F. LaRoche, without consideration, for the purpose of preventing Mrs. Brewer from obtaining or enforcing any lien upon the same, and the son took the property with like intent.
The case of Brewer v. Kraft was taken to this court on error, and the aforesaid judgment was reversed, and the case remanded. It was again tried to a jury, and about one year after the first judgment was obtained, Mrs. Brewer recovered a second judgment against.Kraft.
This suit was then brought by Mrs. Brewer against Mrs. LaRoche and her son, to set aside said conveyance to the son, and to subject the property, under and by virtue of section 4364 of our statutes, to the payment of the second judgment against Kraft.
Section 4364 provides that: “ If a person rents or leases to another any building or premises to be used or occupied, in whole or in part, for the sale of intoxicating liquors, or permits the same to be so used or occupied, in whole or in part, such building or premises so leased, used or occupied, shall be held liable for and may be sold to pay all fines, costs and damages assessed against any person occupying the same.”
According to the allegations of the petition, after a judgment had been recovered in the court of common pleas by Lucy A. Brewer against Kraft, that case was taken to the circuit court and there reversed and remanded to the court of common pleas. That before the judgment in controversy was obtained Charlotte LaRoche conveyed the premises to her son. Then, subsequently, this judgment was obtained, and the question we have here is, whether or not a conveyance of the premises, before the obtaining of a judgment in this case, but during the pendency of the action, if made voluntarily, without consideration, and for the purpose of placing this property beyond the reach of Lucy A. Brewer — can be set aside; or whether under such, circumstances the property is relieved from all liability for the payment of the judgment obtained against the plaintiff.
*510 The question is raised upon the demurrer to the petition, and is one of the errors complained of in the petition in error, This section of the Revised Statutes, it will be seen, provides that:
“ If a person rent or lease to another, any building, or premises to be used or occupied, in whole or in part, for the sale of intoxicating liquors, or permit the same to be so occupied, in whole or in part, such building or premises so leased, used or occupied, shall be held liable for and may be sold to pay all fines, costs and damages assessed against any person occupying the same.”
There is no question but what if these premises were still in the hands of Charlotte LaRoche, she still holding the title— which is alleged in the petition to be a life estate — that her interest in the property would be liable for the payment of this judgment obtained against the tenant. But it is insisted upon the part of the plaintiff in error that this statute creates no lien upon the premises. That it can only be charged, and is only bound from the time that this proceeding was commenced, or'at least from the time that the judgment was obtained against the tenant; and upon this question we are cited to the case of Bollinger v. Griffith et al., 23 Ohio St. 619. In this case it was held that:
“The lien of a judgment recovered under the act to provide against the evils resulting from the sale of intoxicating liquors, as amended April 18, 1870, is limited to the real estate of the judgment debtor.”
Now, the judgment debtor in this case was the defendant, Kraft.
“2. The provision in section 10 of the act as so amended, which declares that real estate/not owned by the judgment debtor, shall be held liable for the payment of the judgment, is not designed to create a lien upon such property, but to authorize it to be subjected to the payment of the judgment in a suit against the owner instituted for the purpose.
“3. Until the commencement of such suit, the judgment debtor acquires no interest in the property, and if before the *511 suit is brought, the property has beeu so conveyed, it cannot be subjected to the payment of the judgment.”
Now, the latter clause of the syllabus in this case would seem to be broad enough to cover the matter in controversy in this case; but when we come to read the case, we find that it does not cover the question which we have here. In that ease it was found that the purchaser was a bona fide purchaser for value and without notice, and the court in its decision says:
“It is to be observed that the case presents no question as to the effect of a collusive or fraudulent sale; nor are we called upon to determine the effect that is to bo given to the judgment against a person who was not a party to the suit in which it was rendered.”
So that this case in the 23rd of Ohio State Reports leaves open entirely the question which is involved, in this case. That case only decides that where the property had been transferred to a bona fide purchaser, for a valuable consideration and without notice, that the property was relieved from liability under the provisions of this statute.
Now, the question arises, how is it where the property, as alleged in this petition, has been conveyed, without consideration and for the purpose of defrauding and preventing the plaintiff from enforcing the judgment upon the land.
The statute provides that the land, or the property, shall be held liable for and may be sold to pay all fines, costs and damages assessed. It applies to a case of this character; and although the judgment may not be, and is not a lien-as is held by the Supreme Court in the case in the 23rd Ohio St. — yet, there is a right conferred by statute to apply, or enforce the application of the property to the payment of any judgment that may be obtained for damages under a prior section. It is a right which is conferred by statute, and while not a lien, it is in itself equivalent to, and of as high a nature as the lien itself.
*512 Then, it being a case of this character, although no lien is fixed by the statute until the proceeding has been commenced by the plaintiff holding the judgment, against the person holding the property, yet, having the right to insist, as against the original owner of the property, that the property may be sold and the proceeds applied to the payment of the judgment, how stands a party who without any consideration has taken a deed to the property, for the purpose of relieving the property from liability under this section of the statute ?
Of course, as to all claims against creditors there can be no question. All transfers of property made for the purpose of cheating and defrauding creditors might be relieved against under the statutes of the state, or in equity. Equity long entertained jurisdiction to relieve against fraudulent or voluntary transfers of property for the purpose of defrauding creditors ; but in this case, the relation of creditor and debtor does not exist between these parties; nor did it exist in this case between the plaintiff and the defendant.
But still a right against the property did exist. It seems to us, although no authority has been cited, and we are unable to find any squarely in point upon this proposition — yet, it seems to us that where such fight exists and is created by statute, that in order to defeat it, a person must stand in better relation than in voluntarily receiving the property without consideration and for the purpose of defeating the right created by statute. Therefore we think the court of common pleas did not err in overruling the demurrer to this petition.
A bill of exceptions was taken upon the trial, and all of the evidence purports to be set up in this bill of exceptions. It is claimed upon the part of the plaintiff in error that if the petition did state facts sufficient to constitute a cause of action, yet that the evidence does not sustain the allegations in the petition.
The only testimony there was in the case is the testimony of Mr. Gallaher, the attorney for the defendant in error, who testified as to the declarations, and the testimony which was *513 given by the son to whom the property was conveyed, on the former trial of this case. In that case, according to his testimony, the son testified that the conveyance and the transfer was made to him in connection with the judgment which had been obtained in the court of common pleas, and which had been set aside by the circuit court.
Tallman & Armstrong, for plaintiff in error.
Gallaher & Woodbridge, for defendant in error.
Now, without reviewing this evidence, we think it would not authorize us to say that the finding of the court of common pleas was clearly against the weight of the evidence. But if we were in error in regard to this, then I may say that we have no bill of exceptions in this case so far as this question is concerned, which we have any right to consider. The journal entries and record in the case do not show that any exceptions were taken to the overruling of a motion for a new trial; nor do the journal entries in the case show that any bill of exceptions was ever taken or filed in the case. So that, in fact, we have no bill of exceptions so far as the question of the weight of evidence is concerned, which we have any right to consider. The case will, therefore, have to be affirmed.